UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Henry Mason, | Case No.  2:25-cv-02342-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| Jeremy Bean, et al., | |
| Defendants. | |

On November 24, 2025, Plaintiff submitted a proposed summons for a civil action and a handwritten list of seven "defendants."  ECF No. 1-1.  Soon thereafter, Plaintiff filed a document titled "Petition for Writ of Habeas Corpus Disciplinary" on a form intended for state court.  ECF No. 3.  Plaintiff argues in his petition that he was charged with a disciplinary violation in January 2024, but did not receive notice or a hearing within the timeframes set by state law or procedure, was found guilty, and sanctions included "loss of statutory time."  *Id.* at 8.

Plaintiff did not file a proper initiating document such as a civil rights complaint under 42 U.S.C. § 1983 or petition for writ of habeas corpus under 28 U.S.C. § 2254.  Plaintiff also did not pay the $405 filing fee for a non-habeas civil action, the $5 filing fee for a habeas action, or apply to proceed *in forma pauperis*, which would relieve him of having to prepay the filing fee to commence a non-habeas civil action.  *See* ECF No. 1.

I.      **DISCUSSION**

A.      **Plaintiff must file a proper initiating document.**

"Persons subject to state custody generally have two potential avenues to remedy violations of their federal constitutional rights: a habeas petition under 28 U.S.C. § 2254 and a civil suit under 42 U.S.C. § 1983."  *Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2013) (citation modified).  In *Preiser v. Rodriguez*, the Supreme Court "held that § 1983 implicitly excludes from its coverage claims that lie within the core of habeas corpus."  *Id.* (citation modified) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973)).  "Thus, a person who is in state custody may not use § 1983 to challenge the very fact or duration of confinement by seeking a determination that he is

entitled to immediate release or a speedier release from that imprisonment—for example, an injunction requiring prison officials to grant good-time credits that would shorten his prison term." *Id.* at 841 (citation modified) (quoting *Preiser*, 411 U.S. at 499–500).

In *Heck v. Humphrey*, the Supreme Court "elaborated on the exception set forth in *Preiser*, holding that a state prisoner may not maintain a § 1983 claim for damages if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence with respect to a prior judgment that has not been nullified previously." *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 484, 487 (1994)). Known as the *Heck* doctrine, this exception to § 1983 coverage means "a claim that meets the statutory criteria of § 1983 may be asserted unless its success would release the claimant from confinement or shorten its duration, or would necessarily imply the invalidity of the conviction or sentence." *Id.* (citation modified). Thus, "a prisoner may challenge the fact or duration of imprisonment only through a habeas corpus proceeding, but may challenge conditions of confinement in an action under § 1983." *Id.* at 842 (citation modified). Or, as the Supreme Court explained in *Wilkinson v. Dotson*, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81–82 (2005).

Considering the inconsistencies between and paucity of information provided in Plaintiff's initiating and subsequent documents, it is not clear what type of action he intends to pursue or in which court he intended to proceed. The Court will therefore send Plaintiff the approved forms and instructions for federal court for filing both a petition for habeas corpus under 42 U.S.C. § 2254 and a prisoner civil-rights complaint under 42 U.S.C. § 1983. **Importantly, Plaintiff may <u>not</u> file both documents in this action. Rather, Plaintiff must decide which type of action he intends to pursue and file the appropriate initiating document for that action—either a petition for writ of habeas corpus (for a habeas action) or a civil-rights complaint (for a non-habeas civil action).** Plaintiff must also decide in which court he intends to proceed. If Plaintiff wishes to bring an action in state court, then he must file the correct form for that court in that court, and he must

- 2 -

file a notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing this action without prejudice.

**B.      Plaintiff must either pay the full filing fee or apply for *in forma pauperis* status.**

If Plaintiff intends to proceed in this federal court, then regardless of the type of action he intends to pursue, he must either pay the full filing fee for that action or file a complete application to proceed *in forma pauperis*.  The fee for filing a habeas corpus action is $5 and the fee for filing a non-habeas civil action is $405.  Effective December 8, 2025, NDOC inmates filing lawsuits in the U.S. District Court for the District of Nevada are directed to apply for *in forma pauperis* status using the form titled "Application to Proceed *In Forma Pauperis* by an Inmate in NDOC Custody."

**II.      ORDER**

Accordingly, IT IS HEREBY ORDERED that no later than **March 12, 2026**, Plaintiff must accomplish the following two tasks:

- File either a petition for writ of habeas corpus or a civil-rights complaint on the approved form for federal court; and

- Either pay the $5 filing fee for a habeas action, pay the $405 filing fee for a non-habeas civil action, or file with the Court a completed Application to Proceed *In Forma Pauperis* by an Inmate in NDOC Custody.

Alternatively, if Plaintiff intended to file his action in state court, not this federal court, then IT IS FURTHR ORDERED that no later than **March 12, 2026**, he must file a notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing this action without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court **must** send to Plaintiff (1) the approved form Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody <u>Not</u> Sentenced to Death with instructions; the approved form Civil Rights Complaint by an Inmate with instructions; and the approved form Application to Proceed *In Forma Pauperis* by an Inmate in NDOC Custody with instructions.

IT IS FURTHER ORDERED that failure to comply with this order on or before **March 12, 2026**, will result in a recommendation to dismiss this action **without prejudice**.  A dismissal without prejudice allows Plaintiff to file his case with the Court, under a new case number, when he is able

to comply with LSR 2-1 and file a proper initiating document and either file a complete application to proceed *in forma pauperis* or pay the required filing fee.

Dated this 12th day of February, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

- 4 -